NO. 07-97-0495-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 8, 1999


______________________________



LEE LEWIS CONSTRUCTION, INC.,




 Appellant


v.



NORMA HARRISON, INDIVIDUALLY and as next friend of


SUMER DAWN HARRISON AND JIMMY THOR HARRISON,


and MAY and SELLIE HARRISON,




 Appellees

_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 91-534,715; HON. JOHN R. McFALL, PRESIDING


_______________________________



OPINION ON REMITTITUR


_______________________________


Before Boyd, C.J., Quinn, and Reavis, JJ.

 On June 29, 1999, this court issued its opinion and rendered judgment in this
cause. Among other things, we suggested that the damages awarded to Jimmy Harrison
for pain, suffering, and mental anguish be remitted by $450,000. Norma Harrison,
individually and as next friend of Sumer Dawn Harrison and Jimmy Thor Harrison, Sellie
E. Harrison, and May Harrison have accepted the suggestion and remitted $450,000 of the
$500,000 award. Consequently, the portion of the trial court judgment: 1) awarding Jimmy
Harrison $500,000 for pain, suffering, and mental anguish is reformed to $50,000; 2)
calculating "Net Compensatory Damages" is reformed to $3,960,000; 3) calculating "Pre-judgment Interest" is reformed to $3,157,743.70; 4) calculating "Total Compensatory
Damages with Pre-judgment Interest" is reformed to $7,111,627.20; and 4) awarding
Norma Harrison, individually and as next friend of Sumer Dawn Harrison and Jimmy Thor
Harrison, and May and Sellie Harrison "actual damages, including pre-judgment interest"
against Lee Lewis Construction, Inc. is reformed to $7,111,627.20. As reformed, the
judgment of the trial court is affirmed.


 Brian Quinn

 Justice





Publish.



ed for want of
jurisdiction. Appellants responded contending their appeal is from a final order that
disposes of all issues. In support of their contention, they rely on the definition of
"interlocutory" in Black's Law Dictionary 815 (6th ed. 1990). Attached as an exhibit to their
response is a copy of an article entitled "Requirements for Appealing a Decision," from an
unidentified authority, on which they also rely. The article provides in part:

 Any court order that does not complete the case is not considered a final
order. For example, if the judge denies a motion to dismiss, the proceeding
will continue and the order denying the motion is considered an interim order
or interlocutory order, not a final order. . . . On the other hand, if the judge
grants the motion to dismiss the case, that order is final. . . . 


Appellants rely on the foregoing language in support of their contention that because the
trial court granted New Reflections's motion to dismiss, it is final and appealable and
disposes of the case. However, where multiple defendants are involved, an order that
does not dispose of all claims and parties is interlocutory and not appealable. See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 201 (Tex. 2001) (holding that when there has
not been a conventional trial on the merits, an order or judgment is interlocutory and not
final for purposes of appeal unless it actually disposes of every pending claim and party
or unless it clearly and unequivocally states that it finally disposes of all claims and
parties). Nothing in this record indicates disposition of the claim against Ted Scott, M.D. 
Therefore, this Court is without power to review this purported appeal and has jurisdiction
only to dismiss the appeal. Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789,
790 (Tex. 1965).

 Accordingly, the appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice


1. Tex. R. App. P. 47.2(a).